**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTWAN D. MORGAN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-1909** |
| | : | |
| **PEPSICOLA METROPOLITAN** | : | |
| **BOTTLING COMPANY,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**GALLAGHER, J.** **AUGUST 5, 2025**

In this civil action, Plaintiff Antwan D. Morgan alleges that Defendant Pepsicola Metropolitan Bottling Company ("Pepsi"), his former employer, discriminated against him in the course of his employment. Pepsi has filed a Motion to Dismiss the Complaint. For the following reasons the Motion will be granted in part and denied in part.

## I. FACTUAL ALLEGATIONS[1]

Morgan, who is African American, was previously employed by Pepsi, although it is unclear in what capacity. He alleges that, relative to other employees, he was "put on the more brutal task by [himself] every day because [his] manager at the time Jeremy Lebo was trying to make [him] quit because he did not like [Morgan] or the color of [his] skin." (Compl. at 4.) After servicing a "route" for one year, Morgan learned from another employee that he "was not being paid commission for bringing in new sales and new customers." (*Id*. at 3.) It appears Morgan then had a discussion with "a member of management," who told Morgan that he

[1] The following factual allegations are taken from the Complaint and documents attached to the Complaint. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF filing system to the parties' filings.

"wasn't writing enough orders to receive commission." (*Id.* at 4.) Morgan compared his check with another employee's check and learned the other employee was making more than him even though Morgan "was already into year 3" and the other employee was "just starting." (*Id.*) Other employees allegedly told Morgan that "some of the managers were screwing [him] over." (*Id.*)

Morgan claims he was "never promoted or moved up in the company" during his three-and-a-half years of employment, and that "other white employees were given the credit and promoted based on the work [he] did." (*Id.*) Morgan alleges that when matters "came to a point [he] had to email [corporate] and someone was sent to investigate" but "things did not change." (*Id.*) He "constantly ask[ed]" whether he would be promoted without any results. (*Id.*)

Based on those allegations, Morgan filed the instant civil action on April 14, 2025, claiming that he was discriminated against based on his race and retaliated against in violation of Title VII. (*Id.* at 2-3; *see also id.* at 1 (checking "Title VII" as the legal basis for the Complaint).) He also indicated on a portion of the form complaint that he used to prepare his pleading that he was discriminated against based on his age, although he does not state his age or discuss his age any further. (*Id.* at 3; *see also id.* at 1 (failing to mark the Age Discrimination in Employment Act ("ADEA") as a legal basis for Morgan's Complaint).) Morgan also indicated on the relevant portion of the form complaint that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which sent him a Notice of Right to Sue Letter on July 2, 2024, but which he did not receive until March 4, 2025. (*Id.* at 5; *see also id.* at 7.)

On that point, Morgan attached to his Complaint a copy of emails dated August 27, 2024, between him and the EEOC. Morgan contacted the EEOC on that date "to make sure nothing

has been mailed out to the address on file [because] its no longer active." (*Id.* at 10.) He received a response from the EEOC on the same day stating, "Thank you for this email, but we will not be mailing you anything else." (*Id.* at 9.) Another email from the EEOC to Morgan, the date of which is not clear from the exhibit, reads:

> Your Notice of Right to Sue to file a lawsuit in federal court was sent to you via regular mail on July 2, 2024. You had 90 calendar days from the date you received it to file a lawsuit in federal court. If you received the Notice back in July and still have not filed a lawsuit in federal court, you are out of time to do so. There is no extension possible to this deadline. To ask any other questions about filing a lawsuit, you would need to speak to a lawyer or to the federal court.

(*Id.* at 11.)

## II.   MOTION TO DISMISS AND RESPONSE

Pepsi filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Pepsi's primary argument is that Morgan's claims are barred by the applicable statute of limitations, which requires a plaintiff to file his discrimination suit within ninety days of receiving a Notice of Right to Sue Letter. (Mot., ECF No. 20-1 at 4-5.) Pepsi notes that courts generally presume receipt within three days of the date of the Notice of Right to Sue Letter—here July 5, 2024—so Morgan's Complaint is untimely because it was not filed within ninety days of that date. (*Id.* at 5.) Pepsi further contends that Morgan cannot benefit from tolling until the date he actually received the letter—March 4, 2025—because he was responsible for non-receipt of the letter in July due to his failure to keep his address current with the EEOC. (*Id.* at 5-7.) Pepsi's secondary argument is that Morgan's ADEA claim should be

---

[2] Prior to service, the Court dismissed Morgan's claims against Defendant Matthew R. Payton, so only Pepsi remains as a Defendant in this lawsuit. (ECF No. 5.) Additionally, this case was referred to the Court's Volunteer Attorney Panel for Plaintiffs in Employment Discrimination so the Court could attempt to obtain volunteer counsel for Morgan at his request. (*See* ECF Nos. 3, 5.) However, the Court was unable to obtain volunteer counsel for Morgan, so he remains self-represented. (ECF Nos. 29-31.)

dismissed because Morgan failed to exhaust any such claim before the EEOC, and because it is not plausibly pled. (*Id.* at 8-9.)

Morgan responded to the Motion by filing a series of documents through the Court's electronic document submission system, which were docketed as "Exhibits."[3] (ECF Nos. 23, 25-27.) The form Morgan completed when submitting his documents through this system reflects that he intended one of those documents to be his "Response to defendant." (ECF No. 25-4 at 1.) In his submission, Morgan addresses Pepsi's statute of limitation argument but does not address its arguments concerning his ADEA claim. (ECF No. 25.)

The gist of Morgan's response is that he is entitled to tolling because he did not receive the Notice of Right to Sue Letter when it was sent due to an address change. He further notes that he contacted the EEOC "and told them [his] address was no longer [his] address and to send any communication through email" to which the EEOC replied "that they had already sent something out on July 2nd 2024." (ECF No. 25-2 at 1.) Morgan asked the EEOC to email him what was sent because he "never received anything" but did not receive a copy of the Notice of Right to Sue Letter until March.[4] (*Id.* ("The EEOC knew about my address situation and never considered doing what I asked.").) Pepsi filed a Reply claiming that Morgan's Response supports its argument that he was responsible for failing to timely receive the Notice of Right to Sue Letter, and is accordingly not entitled to tolling. (ECF No. 28.)

---

[3] Morgan also filed two requests for a default judgment, (ECF Nos. 22 & 24), which will be denied because Pepsi is not in default.

[4] Morgan also speculates that Pepsi somehow affected the administrative investigation because the employee handling his file had the same surname as an employee at Pepsi and was terminated while he was assigned to Morgan's case. The Court cannot credit Morgan's speculations.

## III. STANDARD OF REVIEW

The Defendants seek to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. "A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (holding that the plausibility paradigm applies to employment discrimination claims). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) ("Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." (internal quotation marks and citations omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a plausible claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."[5] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The Court affords a liberal construction to factual allegations when a complaint is filed by a self-represented litigant. *Vogt v. Wetzel*, 8

[5] For this reason, the Court cannot consider the additional emails submitted as evidence in support of Morgan's response.

F.4th 182, 185 (3d Cir. 2021). Dismissal of a complaint based on an affirmative defense such as the statute of limitations is only appropriate at the pleading stage when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). "[W]hile a court may entertain a motion to dismiss on statute of limitations grounds, it may not allocate . . . [burdens] . . . in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014) (internal citation omitted). Rather, the burden of pleading and proving an affirmative defense such as the statute of limitations is borne by the defendant. *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

## IV. DISCUSSION

### A. ADEA Claim

Since Morgan indicated in his Complaint a possible intention to raise an ADEA claim, Pepsi moved to dismiss that claim as unexhausted and unpled. Pepsi is correct that Morgan has not developed any ADEA claim—to the extent he even intended to bring one—because he did not allege his age or any facts suggesting that his non-promotion or other treatment at work was in any way related to his age. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (explaining that "[i]n an age-discrimination suit, the legal conclusion that the plaintiff needs to win is that the employer took the adverse action because of the plaintiff's age" so a plaintiff must allege facts suggesting that discovery would yield evidence in support of that conclusion); *Fowler*, 578 F.3d at 213 (noting that to state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element" (quotations omitted)). Additionally, the fact that Morgan did not respond to Pepsi's argument on this point or even

mention an ADEA claim suggests that he either did not intend to bring or pursue such a claim, or that has now forfeited it. *See generally Falcone v. Dickstein*, No. 22-921, 2024 WL 4839779, at *4 (D.N.J. Nov. 20, 2024) ("Courts have ruled that a party forfeits an argument by failing to raise and support it." (citing cases)). For these reasons, the Court will dismiss any ADEA claims, leaving only Morgan's Title VII claims of race discrimination and retaliation, which form the crux of his Complaint.

**B. Statute of Limitations**

Pepsi's primary argument is that Morgan's Title VII claims are time-barred. A plaintiff filing a civil action under Title VII must file suit within ninety days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) ("Section 2000e–5(f)(1) requires that claims brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to sue letter."). The United States Court of Appeals for the Third Circuit has "construed this provision to mean that the time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date he receives a right-to-sue letter from the agency." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999); *see also Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003) ("[T]he statute is clear that a dismissal by the EEOC followed by notice to the person aggrieved are the two events that together start the statute of limitations period."). In other words, "the 90-day clock typically begins when the plaintiff (or her lawyer) receives the letter." *Hayes v. N.J. Dep't of Hum. Servs.*, 108 F.4th 219, 221 (3d Cir. 2024).

The Third Circuit has recognized two general circumstances in which complications arise in calculating the start of the ninety-day clock. *Hayes v. N.J. Dep't of Hum. Servs.*, 108 F.4th

219, 222 (3d Cir. 2024). First, when the date of actual receipt is unknown, "we presume that the plaintiff received the letter three days after the agency sent it." *Id.*; *see also Ebbert*, 319 F.3d 103, 116 n.15 (3d Cir. 2003) (approving of constructive notice because "a notice letter correctly delivered to a complainant's residence or postal box constitutes notice even though the complainant may not have seen the notice him or herself at the time of delivery"); *Seitzinger*, 165 F.3d at 239 (explaining that "in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it"). This presumption, however, is rebuttable with evidence that "that receipt was delayed beyond the presumed period." *Hayes*, 108 F.4th at 224 (quoting *Payan v. Aramark Mgmt. Servs. Ltd.*, 495 F.3d 1119, 1126 (9th Cir. 2007)).

Second, notice may be given when "the EEOC communicates with the plaintiff by means other than a mailed right-to-sue letter." *Id.* at 222. Such communications, whether oral or written, "can suffice to start the 90–day period" provided they are "equivalent to written notice." *Ebbert*, 319 F.3d at 116. In other words, courts need not "wait for a specific form of notice in situations where a plaintiff is fully aware of the deadline he or she must meet to prosecute a lawsuit." *Id.* This means that, regardless of the form notice takes, it must be sufficiently clear as to when the ninety-day clock begins to run for filing suit. *Id.* at 116-17 & n.16; *see also Hayes*, 108 F.4th at 222-23 & n.4.

Additionally, the time limitations set forth in Title VII are not jurisdictional and are subject to equitable tolling. *Seitzinger*, 165 F.3d at 239-40 (3d Cir. 1999). "Equitable tolling is to be used 'sparingly.'" *Azadpour v. AMCS Grp. Inc.*, No. 22-2923, 2023 WL 4044607, at *2 (3d Cir. June 16, 2023) (*per curiam*) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)). The Third Circuit has observed that equitable tolling may be appropriately applied

"when a claimant received inadequate notice of her right to file suit." *Seitzinger*, 165 F.3d at 240. Tolling is also appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (quotations omitted). A plaintiff must have acted with "due diligence" to benefit from tolling. *Id.* at 1023.

The facts alleged in the Complaint and attached documents raise questions as to when the ninety-day limitations period began to run on Morgan's claims and whether tolling is applicable in the event the limitations period expired before Morgan filed suit. Pepsi assumes that the limitations period began to run on July 5, 2024—three days after the EEOC mailed the Notice of Right to Sue letter to Morgan's address on file. (ECF NO. 20-1.) However, Morgan alleges that he did not receive notice of the EEOC's July 2, 2024 letter because it was sent to an address where he was no longer located.

Pepsi is correct that it was Morgan's responsibility to keep his address current with the EEOC, and that courts have found employment discrimination claims untimely when the failure to receive notice is directly attributable to the plaintiff. *See, e.g.*, *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 120 (1st Cir. 2009) ("Dr. Abraham's lack of diligence in filing a change of address with the EEOC as required by 29 C.F.R. § 1601.7(b) is sufficient to reject his equitable tolling claim."); *Carl v. W.-S. Life Ins. Co.*, No. 09-3990, 2010 WL 3860432, at *3 (E.D. Pa. Sept. 30, 2010) ("[I]t is also reasonable to require a plaintiff to ensure the address listed on his Charge of Discrimination is accurate. Because Carl failed to do so, the Court cannot conclude his failure to receive the Notice was due to no fault of his own." (citations omitted)).

But here, Morgan emailed the EEOC on August 27, 2024—within the ninety-day window using July 5, 2024 as the start date—"to make sure nothing has been mailed out to the address on file [because] its no longer active." (Compl. at 10.) The response he received from the EEOC—*i.e.*, "Thank you for this email, but we will not be mailing you anything else"—did not inform him that a Notice of Right to Sue Letter had issued or when that letter had issued. (Compl. at 9-10.) To the contrary, the response was not clear on either of these points and appears to have confused Morgan as to the status of his charge. Had the EEOC told Morgan it had issued a Notice of Right to Sue Letter on July 2, 2025 and the ninety-day statute may already be running, he could have acted sooner to preserve his rights. Although Morgan later received more specific email notice about the Notice of Right to Sue Letter and the (potentially) then-expired limitations period (according to the EEOC), (Compl. at 11), it is unclear when he received this email and what transpired between August 27, 2024 and that time. Despite apparently asking for a copy of the letter, he did not receive one until March 5, 2025. (*Id.*; *see also* ECF No. 25-2 at 1.)

In sum, Morgan's Complaint raises questions about when the ninety-day limitations period began to run and whether he is entitled to tolling in the event it expired before he filed this lawsuit. The Court is also mindful that it is not Morgan's burden to plead around an affirmative defense such as the statute of limitations. *See, e.g.*, *Schmidt*, 770 F.3d at 252 ("[T]he District Court dismissed Schmidt's complaint for failing to affirmatively show that he exercised 'reasonable diligence' with respect to discovering his injury. Requiring Schmidt to make a showing of reasonable diligence was premature"). For these reasons, the Court will deny Pepsi's Motion to Dismiss as to Morgan's Title VII claims, so that the parties may further develop the relevant facts surrounding whether Morgan's claims were timely filed. *See Wiggins v. Albert Einstein Med. Ctr.*, No. 20-3129, 2022 WL 1197015, at *2 & n.6 (3d Cir. Apr. 22, 2022) (*per*

*curiam*) ("Holding Wiggins to a burden on the equitable-tolling issue at this stage would effectively require him to plead around an affirmative defense in his complaint, which is inconsistent with Rule 8 and Rule 12(b)(6)." (cleaned up)); *Schomburg v. Dow Jones & Co.*, 504 F. App'x 100, 105 (3d Cir. 2012) (*per curiam*) (observing that, where questions are raised as to the receipt of the EEOC's right to sue letter, resolution prior to summary judgment may be "premature").

## V. CONCLUSION

For the foregoing reasons, the Court will grant Pepsi's Motion as to Morgan's ADEA claim and deny it as to his Title VII claim. An appropriate order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**